UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW TOMASELLO,

        Plaintiff,

v.                                                                                                  Case No: 6:21-cv-1153-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for a period of disability and disability insurance benefits alleging an onset date of November 10, 2018. In a decision dated April 30, 2021, 2020, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. R. 25.

Having considered the parties' memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.**    **Issues on Appeal**

Claimant argues that the ALJ failed to address the medical opinion of an examining psychologist, Dr. Gandhi.

**II.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.

> Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)).

### III. Discussion

Claimant contends in his one assignment of error that the ALJ failed to adequately address Dr. Gandhi's evaluation in connection with Claimant's application for Veterans Affairs (VA) disability benefits. Doc. 19. According to the Joint Memorandum, in February of 2018, prior to the November 10, 2018 alleged onset date, Claimant saw Dr. Gandhi at the VA Medical Center for a compensation and pension examination. Doc. 19 at 2. The record reflects that on February 2, 2018, Dr. Gandhi signed a Mental Disorders Disability Benefits Questionnaire that was completed in conjunction with the examination request (the Questionnaire). R. 374. Claimant states that according to the Questionnaire Dr. Gandhi determined that Claimant would have "difficulty adapting to stressful circumstances, including work or a work-like setting" and

"[Claimant] was unable to establish and maintain effective relationships with others." Doc. 19 at 6-7.

Claimant provides a discussion of the revised regulations and points out that the ALJ did not state whether Dr. Gandhi's opinion was persuasive, nor did the ALJ evaluate the physician's findings based on the "supportability" and "consistency" factors. *Id*. at 7. Claimant contends that while the ALJ is not required to "consider the VA's decision to award disability benefits," the ALJ still needed to address that evidence as a medical opinion. *Id*. at 8. Claimant adds that the ALJ's failure to address the opinion was not harmless error because the statement on Claimant's ability to maintain relationships "suggests that he would not be able to interact appropriately with supervisors and coworkers," which demonstrates that he is disabled. *Id*. at 10. Since Dr. Gandhi also found that he would have difficulty dealing with stress, Claimant asserts that the opinion shows he is unable to perform two of the basic demands of unskilled work. *Id*. Thus, Claimant argues that the ALJ's decision was not supported by substantial evidence and requests that the Court reverse and remand the case. *Id*. at 14.

The Court is not persuaded that Claimant is entitled to relief. As an initial matter, the Court does not agree with Claimant's characterization of the record. First, the Court is not convinced that the ALJ failed to consider or mention the Questionnaire. Claimant concedes that the ALJ refers to the "several historical findings regarding military disability and a VA service connection rating of 80%." Doc. 19 at 7, citing 22. Actually, the excerpt from the decision is as follows:

> The record includes several historical findings regarding military disability and a VA service connection rating of 80%. Our regulations consider a decision by another governmental agency or nongovernmental entity to be inherently neither valuable nor persuasive. The undersigned will not provide any articulation about evidence that is inherently neither valuable nor persuasive; however, the undersigned takes note that such a rating further supports the above noted mental restrictions to unskilled only work.

R. 22.

As such, the ALJ's discussion is more than a mere reference to the VA record. Further, throughout the decision, the ALJ cites to Exhibit 1F, which includes the Questionnaire. *See* R. 18, 19, 20, 22, 23. The ALJ does not mention Dr. Gandhi by name or specify that the Questionnaire was one of the "historical findings regarding military disability," but it appears from the decision that the ALJ considered the document in her analysis. For example, the Questionnaire, Ex. 1F at 50, reflects that Dr. Gandhi found that Claimant was "cooperative during the exam," his speech and volume were at a "normal rate," a "rapport was easily established," and his "mood was euthymic." R. 379. Similarly, citing to several exhibits, including 1F, the ALJ found that Claimant "consistently demonstrates normal findings (i.e., alert, full orientation, normal speech, normal and intact attention, normal and intact concentration, normal thought process (linear, logical and goal directed), normal thought content, good judgement, good insight, normal and intact recent and remote memory, etc.). R. 18, citing Ex. 1F, 2F, 4F, 5F, and 7F. Based on the foregoing, the Court does not agree with Claimant's conclusion that the ALJ failed to "address Dr. Gandhi's report in the decision."

Second, the portion of the Questionnaire at issue regarding Claimant's relationships and stress is entitled "Symptoms" and lists seven options that may be checked-off to affirmatively indicate that a symptom exists. R. 379. With respect to this list, Claimant states that Dr. Gandhi determined that he would have difficulty adapting to stressful circumstances, including work or a work-like setting and "[t]he doctor also *wrote* that [he] was unable to establish and maintain effective relationships with others." Doc. 19 at 7.[2] (emphasis added). These findings are the basis

---

[2] Elsewhere in the Joint Memorandum, Claimant again asserts that Dr. Gandhi's opinion states that he "would not be able to maintain effective relationships with others." Doc. 19 at 10.

for Claimant's contention that "Dr. Gandhi found that Claimant would be unable to perform two of the basic mental demands of unskilled work as set forth in SSR 85-15. . ." *Id*. at 10.

Again, the Court disagrees with Claimant's characterization of the record. Specifically, Dr. Gandhi did not "write" anything with respect to these "Symptoms" but, instead, simply checked the boxes next to the categories. In any event, the categories that were checked read as follows:

- Difficulty in establishing and maintaining effective work and social relationships
- Difficulty in adapting to stressful circumstances, including work or a worklike setting

R. 379.

Dr. Gandhi, therefore, did not indicate on the Questionnaire that Claimant is "unable to" or "would be unable to" perform work demands as Claimant describes. The Court views an individual's "difficulty" in performing a task to be far different from being "unable" to do the same, and Claimant points to nothing in the record or the law showing that the two words are measured equally. Nor does Claimant sufficiently discuss how such difficulties support a disability determination.

In sum, Claimant's analysis in support of his assignment of error, which analysis is based on the ALJ's alleged failure to consider Dr. Gandhi's "opinion" regarding these "symptoms," does not accurately represent the record evidence or the ALJ's treatment of the Questionnaire.

Turning to the merits of the issue, the Court finds that Claimant has not established that the case is due to be remanded. Pursuant to the revised regulations applicable to a claim filed after March 27, 2017—such as the claim here—an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§

404.1520c(a) (2017); 416.920c(a) (2017). As for other agency determinations, such as a VA disability determination, the new regulations state that "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency. . . about whether you are disabled, blind, employable, or entitled to benefits." 20 C.F.R. § 404.1504. Moreover, as Claimant recognizes, the regulations specify that VA disability ratings constitute evidence that is "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1504b(c)(1).

Accordingly, to the extent Claimant contends that the ALJ erred by not assigning any persuasiveness to Dr. Gandhi's findings, the argument is without merit. *See Diaz-Ortiz v. Comm'r of Soc. Sec.*, 2021 WL 4205850, at *12 (Sept. 16, 2021) (finding that the ALJ was not required to assign any persuasiveness or provide any analysis of the VA disability rating.).

In any event, the regulations in general require the ALJ to "consider all of the supporting evidence underlying the other governmental agency['s]. . .decision that [the ALJ] receive[s] as evidence in [a plaintiff's] claim." 20 C.F.R. § 404.1504; *see also Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020) (affirming new regulations no longer require analysis of agency determinations but supporting evidence must be considered.).

Here, Claimant asserts that one type of evidence listed in § 404.1513(a)(2) is medical opinion evidence and, under the regulations, the ALJ was obligated to address Dr. Gandhi's opinion in accordance with § 404.1520c. Doc. 19 at 8.[3] Claimant argues that Dr. Gandhi's opinion

---

[3] Pertinent for purposes of this matter, the revised regulations define "medical opinion" as follows:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

"suggests that Claimant would be unable to interact with supervisors and coworkers." *Id*. at 10, citing R. 379.  To the contrary, the Commissioner contends that the checked boxes only summarize Claimant's subjective symptoms and do not constitute a medical opinion.

While there does not appear to be support in the record for the position that the boxes were only based on subjective complaints, the Court agrees that the two "Symptoms" at issue do not constitute a medical opinion and that Claimant fails to show how each is an assessment of any work-related functional limitations.[4]  It is well-established that "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient [to show disability]; instead, the plaintiff must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  In other words, it is the functional limitations that determine disability.  *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).  Claimant's conclusory statement regarding what Dr. Gandhi "suggests" by checking the boxes does not adequately

---

      (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
      (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 404.1513(a)(2).

[4]  Claimant focuses his argument on the two "Symptoms" checked-off on the Questionnaire regarding difficulty with stress and relationships.  To the extent that Claimant's assignment of error regarding the ALJ's failure to consider the Questionnaire relates to more than these "Symptoms," it is deemed waived as it is raised an entirely perfunctory manner.  *See Whitten v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 791, 793 (11th Cir. 2019) ("For an issue to be adequately raised in the opening brief, it must be plainly and prominently raised and must be supported by arguments and citations to the record and to relevant authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)); *see also Access Now, Inc. v. Sw. Airlines*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

establish such a limitation. The Court is not persuaded that the ALJ erred in failing to consider Dr. Gandhi's "medical opinion."

Further, assuming *arguendo* that the ALJ failed to consider or address the Questionnaire, to demonstrate reversible error Claimant must show that the "Symptoms" result in greater mental functional limitations than those found in the decision. There is no such showing in this case. The Court agrees with the Commissioner that to the extent functional limitations exist in the Questionnaire, they are consistent with the RFC, which Claimant does not challenge. *See Shaw v. Astrue*, 392 F. App'x 684, 687 n.1 (11th Cir. 2010) (holding that even if the ALJ erred in failing to mention every finding made by the physician, any such error was harmless because the ALJ's RFC finding was not inconsistent with physician's findings.). Stated differently, Claimant has not demonstrated how the "Symptoms" are relevant in the Social Security context or how his difficulty with those tasks would change the outcome of the administrative decision.

Finally, the Court notes that the parties agree that the Questionnaire, dated February 2, 2018, predates the November 10, 2018 alleged onset date. Courts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is: 1) within close proximity to the onset date; and 2) relevant to a claimant's impairments. *See Clowers v. Colvin*, 2015 WL 3554664, at *8 (N.D. Ala. Jun. 5, 2015) (finding that a consultative examination taken seven months before a claimant's onset date "had some relevance, albeit not complete relevance, to the time period at issue…"); *Hamlin v. Astrue*, 2008 WL 4371326, at *4 (M.D. Fla. Sept. 19, 2008) (finding that "the Commissioner's own requirement that ALJs consider all the evidence in the record" obligated the ALJ to consider relevant evidence predating a claimant's alleged onset date); *Simpson v. Colvin*, 2015 WL 139329, at * 4 (N.D. Ala. Jan. 12, 2015) (finding that an ALJ's failure to consider a medical opinion given before a claimant's onset date was not harmless error.).

The Court finds that the date on the Questionnaire is of no consequence because the Court has already found (1) that it appears that the ALJ considered the Questionnaire and (2) that even if the ALJ did not consider the Questionnaire (a) that the ALJ was not required to evaluate the persuasiveness of the Questionnaire and (b) that Claimant failed to establish that the two "Symptoms" were a "medical opinion" demonstrating the existence of a disability. In other words, Claimant has not established that the ALJ's consideration of the Questionnaire, or lack thereof, warrants remand, regardless of when the Questionnaire was completed.

The Court concludes that substantial evidence supports the ALJ's decision, and a remand is not appropriate.

## IV. Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on April 7, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE